Kinney *v.* Emery.

ROBERTA S. KINNEY et al.

*v.*

PETER E. EMERY et al.

A legatee alleged that by means of false representations made to her, she had been induced to withdraw her *caveat* to the probate of the will, which was thereupon admitted to probate.—*Held,* that, as her bill showed that the representations had been made to her by persons not interested in the estate, and that no person interested therein was chargeable with them, it should be dismissed.

Bill for relief.   On objections to the bill.

*Mr. H. A. Fluck,* for the objections.

*Mr. W. A. Cotter, contra.*

THE CHANCELLOR.

The bill is filed to set aside the probate of a will and codicil thereto (both dated in February, 1878) of Mrs. Margaret V.

Kinney v. Emery.

Stewart, late of the city of New Brunswick, and to administer the estate of the testatrix in this court. The complainants are Roberta S. Kinney (the daughter of the testatrix) and her husband, and the defendants are Peter E. Emery, the executor, in his individual capacity, and Charles R. Stewart, Mrs. Kinney's brother. Mrs. Kinney and her brother are the only children of the testatrix. The will provides for the division of the estate into two parts, one for each of the children (the son's to be $1,000 more than that of the daughter), to be invested, and the net interest paid over to them, respectively, for life, and at their respective deaths the principal to go to their respective children, with a limitation over of the son's share in case of his death without leaving issue, to the daughter for life, with remainder to her children. The codicil provides that the principal shall be paid over to the son and daughter, respectively, when they reach the age of forty years, and that if the son should die before attaining that age, the whole of the principal shall be paid to the daughter when she shall attain to that age. The bill alleges that Mrs. Kinney filed a *caveat* against admitting the will to probate; that while the trial of the question whether the will should be so admitted was in progress before the Middlesex orphans court, Dr. Skillman, at whose house she then was, told her that if she prosecuted the suit she would get nothing—that the sympathy of the court was with the proponent, that her lawyer was surprised that she should wish to go on with the case, and that Mr. Daniel R. Boice, a lawyer of New Brunswick (with whom she was well acquainted, and in whom she had great confidence), had told him that she could not succeed in her contest, that there was no hope of success. The bill states that Dr. Skillman also said that there was no way by which she could get anything out of the estate unless she should withdraw the *caveat* and permit the will to be proved, and then, the property having come to the hands of the executor, he, Dr. Skillman, would file a bill for services against the estate, which the executor would pay, and that when he should have received the money he would divide it with her, all of which statements, the bill says, she afterwards found to be false in every respect. The bill also states that Mrs. Kinney

withdrew her *caveat*, and that thereupon the will was, in January, 1882, admitted to probate.   It also states that the executor "persuaded her" to withdraw her opposition to the will, by promising that he would make her comfortable for the time being (the bill says the complainants were in straitened circumstances), and that as to the future he would not see her want; that if the money of the estate could be used for the benefit of her children during her lifetime it should be given to them through her, and that as he would not be under bonds as executor he could afford to be liberal with the funds of the estate.   The bill alleges that he well knew that he could not, if the will should be admitted to probate, use any of the money except as directed by the will.

There is no connection stated or shown in the bill between the statements made to her by Dr. Skillman and those made by the executor.   There is no charge or even suggestion of culpability or responsibility in the premises on the part of her brother.   The case, as made by the bill, is that she was induced by false statements made by Dr. Skillman, and solicitations and importunities by him and his wife, and promises made by the executor, to withdraw her opposition to the will.   The bill does not state that Mr. Boice was her proctor or counsel in the suit over the will, or her adviser in the matter in any way, but the inference from the statements of the bill is that he was not.

The promises made by the executor were to the effect that he would favor her in his administration of his trust under the will so far as he could, and that in view of the fact that as executor he would not be required to give security, he would be able to deal more liberally with her than a strict discharge of his duty would demand.   In other words, he promised her that if she would withdraw her opposition, he would favor her in his administration unlawfully.   She now complains that he could not lawfully do as he promised.   If she understood that his promise was to extend to her, in violation of his duty, favors to which she was not entitled, she surely cannot be heard to set up the promise as a fraud upon her.   The plain inference is that had he violated his trust to favor her, she would not now be endeavoring to set aside the probate.   The solicitations and im-

Kinney v. Emery.

portunities of Dr. Skillman and his wife were those of persons whom she believed to be her friends. Neither Dr. Skillman nor his wife had any interest under the will or codicil. The bill prays that the decree admitting the will to probate may be set aside; that Mrs. Kinney and her brother may be decreed to be the only persons entitled to the estate of the testatrix and invested with the same rights with which they would have been invested if the will had not been admitted to probate; that so far as the will in question is concerned, their mother may be decreed to have died intestate; that the executor may be decreed to hold the estate in trust for Mrs. Kinney and her brother; that all of Mr. Emery's acts under the will affecting their interests may be declared of no effect so far as they may operate injuriously to those interests; that he may account for and pay over the estate to them; that the letters testamentary may be revoked and annulled, and that the executor may be enjoined from further intermeddling with the estate, and may be required to give security to pay over what he has received.

Considering the bill as one to set aside the probate for fraud in obtaining it (the bill could not be maintained on any other ground), and disregarding the delay in bringing the suit, for which delay the complainants offer the excuse of poverty, the case made would by no means justify the desired judicial action. The ground for contesting the will appears to have been that it was not signed either by or on behalf of the testatrix, either before or at the time when the witnesses signed their names to it. This court has no jurisdiction of the question whether the will was properly executed or not. *Trustees* v. *Wilkinson, 9 Stew. Eq. 141.* It may not be amiss to remark that the alleged defect in execution was in the will. The codicil confirms the will. Nothing is said in the bill as to the execution of that instrument. The statements of the bill as to the alleged fraud in obtaining probate are not such as to warrant a decree setting the probate aside. It does not appear that any one interested in the estate under the will made any false representation to Mrs. Kinney on the subject. What the executor said to her, as she states it, would not justify the conclusion that the probate was obtained

by fraud. False representations made to her by persons not interested in the matter, and with which no person interested in the estate is chargeable, cannot constitute a ground for such an adjudication. And it may be observed, though it is not important under the circumstances of this case, that Mrs. Kinney was not *inops consilii*. She had a proctor in the suit in the orphans court. Her brother does not appear to have made any statement, nor to have taken any action in the matter. The objections to the bill are well founded. It will be dismissed, with costs.